UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PAUL CHERNOUSKI,

        Plaintiff,

v.                                                                          Case No. 18-cv-1281-pp

PERFECTION COLLECTION, LLC,

        Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT (DKT. NO. 44)**

---

        The plaintiff filed his complaint on August 20, 2018, alleging claims under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Wisconsin Consumer Act against defendants Perfection Collection, LLC, Experian Information Solutions, Inc. and Trans Union, LLC. Dkt. No. 1. Defendants Trans Union and Experian Information Solutions answered the complaint (dkt. nos. 8, 11) and since have been dismissed (dkt. nos. 33, 36). On October 26, 2018, the plaintiff filed return of service stating that he had effected service on defendant Perfection Collection on October 3, 2018. Dkt. No. 15. Assuming the defendant was properly served, its answer would have been due on or before October 24, 2018; the defendant did not answer by that date. On October 26, 2018, the clerk's office entered default as to Perfection Collection.

On March 20, 2019—almost six months after the date the plaintiff indicates that he served Perfection Collection—the plaintiff filed a second amended complaint naming only Perfection Collection, the sole remaining defendant. Dkt. No. 39. The second amended complaint alleged violations of the FCRA (Count I), the FDCPA (Count II) and the Wisconsin Consumer Act (Count III). On April 12, 2019, the plaintiff filed a return of service asserting that he served the second amended complaint on the defendant on March 25, 2019. Dkt. No. 41. The clerk entered default on April 12, 2019 and a week later, the plaintiff filed a motion for default judgment against Perfection Collection. Dkt. No. 44.

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff has filed returns of service claiming that he served Perfection Collection. The first—filed on October 26, 2018—says that the plaintiff effected service through "corporate service" of "Emily Mendoza" as "collections" of defendant Perfection Collection. Dkt. No. 15. The second—filed on April 12, 2019—says that the plaintiff effected service through "corporate service" of "Matt Jones" as an "employee" of defendant Perfection Collection. Dkt. No. 41.

Federal Rule of Civil Procedure 44(h)(1)(A) allows a plaintiff to serve a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) allows a plaintiff to serve an individual by following state law for serving a summons. Wis. Stat. §801.11(5) requires a plaintiff to serve a corporation by either "personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company within or without this state . . . ." or leaving a copy at the office of such an officer, director or managing agent "with the person who is apparently in charge of the office." Wis. Stat. §801.11(5)(a). If the plaintiff cannot accomplish that "with reasonable diligence," the plaintiff may serve an officer, director or managing agent by publication and mailing.

In the alternative, Rule 4(h)(1)(B) requires that a plaintiff serve a corporate defendant by delivering the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment of by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]"

The second amended complaint alleges that Perfection Collection, LLC is a corporation with a business address in Orem, Utah. Dkt. No. 39 at ¶6. The April 12, 2019 return of service bears a typewritten sentence at the top that says, "Received by HPS Process Service & Investigations to be served on **Perfection Collection, LLC, c/o Brian Scott Fuller, 313 East 1200 S, Suite 102, Orem, UT 84058**." Dkt. No. 41 at 1. Someone has handwritten "Gavin Ross" in the blank for the process server's name, and the date of March 24,

2018 and the time of 4:08 p.m. for the date and time of service. The form provides five options that the process server can select—"REGISTERED AGENT SERVICE," "RECORDS CUSTODIAN SERVICE," "CORPORATE SERVICE," "OTHER SERVICE" and "NON SERVICE." Id. The process server put an X next to "CORPORATE SERVICE." In the field for "By serving," the process server wrote "Matt Jones." In the field for the role or position of the person served, the process server wrote "employee." Id. In full, the return of service indicates that the process server effected "CORPORATE SERVICE: By serving Matt Jones as employee for the above-named entity." The form does not indicate whether Matt Jones was located at the address listed in the first line of the return of process.

Perfection Collection, LLC has a web site—https://www.perfectioncollection.com. That site lists the company's location as 313 E. 1200 S, Suite #102, Orem, UT, 84058. It does not list officers or registered agents. The State of Utah has a site, like the Wisconsin Department of Financial Institutions' web site, where one can search Utah corporations. https://secure.utah.gov/bes/details.html?entity=7798588-0160 (last visited July 18, 2019). That site lists Brian Scott Fuller (the name in the typed portion of the return of service) as the registered agent for the company. There is no mention of a Matt Jones.

Plaintiff's counsel attached to his affidavit in support of the motion for default judgment an email message dated October 29, 2018, from someone with the address of carl@perfectioncollection.com; the signature block indicates that it is from Carl Smith, Collections Manager at Perfection Collection. Dkt.

4

No. 46-3. The email is addressed to plaintiff's counsel. It discusses contacts with the plaintiff and his investigator, indicates that "we" have responded to the plaintiff online, and concludes, "Your lawsuit is bogus. We won't pay a dime! Good luck with your motion for default." Id. Counsel attached a second email, this one dated March 25, 2019 and purporting to be from Matt Jones (no title identified) at Perfection Collection. Dkt. No. 46-4. That message says, "We are not going to pay you a dime," and asserts that the plaintiff never had proved that he did not sign up for alarm service. Id.

The motion for default judgment asserts that "Defendant has been duly served," citing Rule 4, and says that the defendant "has acknowledged receipt of both complaints, and strongly stated it has no intent to appear or defend itself in this case." Dkt. No. 45 at 3. Contrary to this assertion, the court cannot ascertain proper service. The process server left the complaint with Matt Jones. There is no indication of Matt Jones's position with the defendant; the plaintiff identifies him only as an "employee." Under either method of service, the plaintiff had to serve the summons and complaint on an officer, director, managing agent or person authorized to accept service. The court cannot tell whether Matt Jones occupied any of these positions. The Utah web site indicates that Brian Scott Fuller is the registered agent of the company, but the plaintiff did not serve Mr. Fuller.

Nor can the court find verification of the plaintiff's statement that the defendant "acknowledged receipt of both complaints." The court suspects that the plaintiff is referring to the two emails attached to the declaration of

5

plaintiff's counsel. It does appear that people affiliated with Perfection Collection are aware that the plaintiff has sued the company, and even may be aware that he is seeking default judgment. The Seventh Circuit has held, however, that "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." Mid-Continent Wood Prod., Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991).

The court will not grant summary judgment without proper service. Once the plaintiff demonstrates that he has effected proper service, he may renew the motion (and update any request for fees and costs).

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgment. Dkt. No. 44.

The court **ORDERS** that by the end of the day on **August 30, 2019**, the plaintiff shall provide the court with proof that it has properly served Perfection Collection, LLC.

Dated in Milwaukee, Wisconsin this 19th day of July, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**